By the Court:
 

 Bayard,
 
 Chief Justice.
 

 The irregularity complained of is, that the judgment has been entered against the defendant
 
 alone
 
 upon a
 
 joint
 
 warrant of attorney signed by himself and his wife, Hannah. The warrant of attorney, so far as Hannah Springer is concerned, is a mere nullity; it is void as her act. Considered as the act of Charles Springer, it purports to authorize the confession of a judgment against himself and his wife Hannah, and not against himself
 
 *88
 
 alone. The rale of law that authorities shall be strictly pursued, is rigidly applied to the cases of warrants of attorney to confess judgment. Thus it has been decided, that upon a warrant of attorney which purports to be an authority to confess judgment against
 
 three,
 
 which is signed by
 
 two
 
 only, the third having refused to sign, judgment cannot be entered against the
 
 tico
 
 who did sign. (1
 
 Chit.
 
 322,
 
 Harris
 
 vs.
 
 Wade
 
 &
 
 Stone.)
 
 So a
 
 joint
 
 warrant of attorney by
 
 tico
 
 will not authorize the confession of judgment against
 
 one
 
 as survivor, the other having died. (15 East, 592,
 
 Gee
 
 vs.
 
 Lane.)
 
 And judgment was set aside because one of the parties at the time of the execution of the warrant was under age. (1
 
 Chit.
 
 708,
 
 Wood
 
 vs.
 
 Heath.)
 
 It is true that this court has heretofore decided, that upon a
 
 joint
 
 warrant of attorney given by husband and wife, judgment cannot be entered against them
 
 jointly;
 
 but it by no means follows, that judgment may therefore be entered against the husband
 
 alone. In the
 
 first case it cannot be entered against them
 
 jointly,
 
 because so far as the wife is concerned the warrant is a mere nullity as her act; and to suffer the husband to confess judgment against both, unless for a debt contracted dum sola, would be to enable him by means of an execution, without her consent, to strip her of her whole inheritance, and even to defeat the trust of property which might have been settled to her separate use for the express purpose of protecting it against the acts of her husband, since she would not be discharged from a ca. sa., without surrendering the property. (8
 
 B. Sf C.
 
 1,
 
 Sparks and others
 
 vs.
 
 Bell and
 
 wife; 3
 
 Wils.
 
 124,
 
 Anon.)
 
 And in the second case the rule of law which requires that the authority shall be strictly pursued, precludes the entry of the judgment against the husband
 
 alone,
 
 since the warrant in its terms purports to authorize the confession of the judgment against
 
 both.
 

 Booth
 
 and
 
 Bayard,
 
 for the rule.
 

 Wales
 
 and
 
 Rogers,
 
 contra.
 

 Rule absolute.